FILED
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2011 SEP 27 A 11: 51

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | | |
|---|---|---|
| JAMES MOORE, # 42900-037 | * | Civil Action No. RDB-11-2568 |
| | | Criminal Action No. RDB-06-179 |
| Petitioner | * | |
| v | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

***

## MEMORANDUM OPINION

Pending is self-represented Petitioner James Moore's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. The Court finds no grounds to award habeas relief under § 2241, and will grant Moore twenty-eight days to state whether he wants review of this matter to proceed as a Motion to Vacate, Set Aside or Correct under 28 U.S.C. § 2255.

In his Petition, Moore claims he is actually innocent and § 2255 is inadequate or ineffective to test the legality of his detention. He claims that he is entitled to collaterally challenge his conviction under § 2241 pursuant to the "savings clause" set forth in 28 U.S.C. § 2255. ECF No. 323.

**DISCUSSION**

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief. A Section 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. § 2241(a). A federal inmate seeking to collaterally attack the imposition or validity of his federal judgment and sentence is required to bring a motion to vacate the sentence pursuant to 28 U.S.C. § 2255(a). *See In re Vial*, 115 F.3d 1192, 1194 (4th

Cir.1997) (en banc). While a federal prisoner may not generally seek collateral relief from a conviction or sentence by way of a § 2241 petition, there is an exception "savings clause" in § 2255 which provides that a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The "savings clause" is not triggered "merely ... because an individual is procedurally barred from filing a Section 2255 motion[.]" *Vial*, 115 F.3d at 1194. Further, § 2255 "is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir.2000).

The Fourth Circuit has recognized that the savings clause applies in only very limited circumstances. Specifically, § 2255 is inadequate and ineffective to test the legality of a conviction when: 1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *See United States v. Poole*, 531 F.3d 263, 269(4th Cir. 2008) (quoting *Jones*, 226 F.3d at 333–34.); *Darden v. Stephens*, No.10–7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011). A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *See Hood v. United States*, 13 F.App'x 72 (4th Cir.2001) (unpublished); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Moore fails to demonstrate that § 2255 provides inadequate or ineffective relief in light of the above standard. Aside from an unsupported, self-serving claim of actual innocence,

he provides no grounds to substantiate his assertion of entitlement to proceed under § 2241 by way of § 2255's savings clause.

Mindful that Moore is self-represented and in the interest of justice, this Court hereby notifies Moore of its intention to construe his Petition pursuant to 28 U.S.C. § 2255. "[A] district court may not recharacterize a prisoner's filing as a 2255 Petition without notifying the prisoner of its intent to recharacterize the motion, warning the prisoner of the effects of recharacterization, and giving the prisoner an opportunity to withdraw or amend his motion." *United States v. Blackstock*, 513 F.3d 128, 131 (4th Cir. 2008) (citation omitted); *see also Castro v. United States*, 540 U.S. 375, 383 (2003) (holding that if a district court recharacterizes a prisoner's motion as his first § 2255 motion, the pro se litigant must notified of the recharacterization and that any subsequent § 2255 motion will be subject to the restrictions on second or successive filings, and provide an opportunity to withdraw to amend the motion).

Since recharacterization will result in Moore's first § 2255 motion, he will be provided twenty-eight days to notify the court in writing whether: 1) he objects to construing the Petition under 28 U.S.C. § 2255; 2) he wants to withdraw this Petition; or 3) he wants to amend the petition so that it contains all of the § 2255 claims he wants to raise.[1]  He is advised that there is a one-year limitation period within which to file a § 2255 motion. Additionally, only one § 2255 motion is permitted to be filed, and a second or successive § 2255 motion to vacate sentence may not be filed in district court without first receiving permission to do so from the appropriate circuit court of appeals. Petition is cautioned that his failure to timely notify the court of his intentions will result in dismissal of this §2255 action without prejudice.

---

[1] Moore was previously send a § 2255 information and forms packet. ECF No. 283. The Clerk will send a second packet to him.

3

## CONCLUSION

For these reasons, this Court will grant Moore twenty-eight days to notify the Court in writing whether 1) objects to construing this matter under 28 U.S.C. § 2255; 2) he wants to withdraw the Petition; or 3) he wants to proceed under 28 U.S.C. § 2255 and amend the Petition. A separate order follows.

_September 26, 2014_
Date

_Richard D. Bennett_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE